**STUCHEL, Plaintiff-Appellee v. CLEVELAND RAILWAY CO., Defendant-Appellant.**

Court of Appeals, Eighth District, Cuyahoga County.

No. 19563. Decided April 3, 1944.

498

Lody Huml, Cleveland, for plaintiff-appellee.
S. T. Gaines, Cleveland, Robert F. Mooney, Cleveland, for defendant-appellant.

**OPINION**

By SKEEL, J.

This action comes to this court on questions of law from a judgment entered in the Municipal Court of the City of Cleveland, for the plaintiff, in the sum of $5,000.00, upon the verdict of the jury.

The plaintiff was a passenger in an automobile which was being driven in a northerly direction on East 147th Street by the plaintiff's husband. The automobile in which plaintiff was riding came into collision with a bus of the defendant company which was being driven westerly on Glendale Avenue. The collision took place in the northeast quadrent of the intersection of East 147th & Glendale Avenue.

Glendale Avenue is a main thoroughfare, being so established by Ordinance. Traffic on Glendale Avenue is, by law, given the "right of way" over north and south-bound traffic on East 147th Street. Stop signs directing traffic to "stop" before crossing or entering Glendale Avenue have been placed at East 147th Street close to the intersection.

The front left portion of the bus came into contact with the right center of the automobile in which plaintiff was a passenger. The plaintiff's petition alleges that the "collision and resulting injuries she sustained" were the proximate result of the negligence of the defendant company in the operation of its bus, in the following particulars:

1. In operating its bus at a high and dangerous rate of speed.

2. In failing to keep a proper lookout for the automobile in which plaintiff was a passenger and in failing to abate the speed of the bus or divert its course in due season to avoid the accident.

The evidence discloses that the accident took place at about 1 P. M. of the afternoon of June 8, 1940. That it was a bright, clear day. That Glendale Avenue is 30 feet wide and that there is a vacant lot at the southeast corner of the intersection, so that northbound traffic on East 147th Street had an unobstructed view east on Glendale Avenue for a considerable distance.

The plaintiff introduced the testimony of one other witness, in addition to her own evidence, in supporting her claim of negligence against the defendant. This witness was operating an automobile out of Edgewood Avenue into East 147th Street. Edgewood Avenue is two blocks south of the intersection of East 147th Street and Glendale Avenue. The automobile in which plaintiff was riding was moving directly away from the line of vision of the witness at a distance of more than four hundred feet. The witness testified that the automobile in which the plaintiff was a passenger was moving very slowly, about five miles an hour, and as it got to the intersection it stopped. It then proceeded slowly across Glendale Avenue and was struck by the bus when it had almost cleared the intersection. This testimony must be considered in the light of the fact that the witness's position made it most difficult to give an accurate account of speed and distance of the automobile in which the plaintiff was a passenger. This witness does not testify as to the speed of the bus or as to the distance of the bus east of East 147th Street, at the time the car in which plaintiff was a passenger entered the intersection.

The plaintiff's own evidence is entirely silent on these questions. In other words, there is no evidence at all that in the slightest degree supports the plaintiff's claim that the bus was being driven at a dangerous rate of speed. On the other hand, the witnesses presented by the defendant were in complete agreement that the bus was moving at a reasonable rate of speed, that is, at about 20 miles per hour.

The court, after argument, charged the jury with regard to the subject of speed, as defined by Section 2449 of the Municipal Code of Cleveland, as follows:

"Now, there was in existence on the day that this collision took place, a general speed regulation: Section 2449 of the Municipal Code of Cleveland, which reads as follows:

'No person shall operate a motor vehicle in and upon any street or highway at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway, and any of the other conditions then existing. And no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.'

It shall be prima facie lawful for an operator of a motor vehicle to drive the same at a speed not exceeding the following:

'Twenty miles per hour in a business or closely built-up street; thirty-five miles per hour in all other portions of the city. It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations.'

This simply means that the proof of the violation of a provision of the ordinance, by running the automobile at a greater speed than is provided by the ordinance shall be prima facie proof only of negligence but it is not conclusive. And if the jury finds in this particular case that the defendant's motor coach was run at a greater rate of speed than is provided by law, that is not conclusive of negligence on the part of the defendant if the jury should find, under all the circumstances shown by the evidence in this case, that the defendant was not negligent in the operation of its motor coach.

You members of the jury, as the triers of the facts, are to determine what actually occurred at this intersection from the evidence submitted to you from the witness stand. You are permitted to draw from the facts and circumstances proven to you such inferences as reasonably, logically and naturally flow from such facts and circumstances.

If the plaintiff has proved to you by a preponderance of the evidence that the operator of the motor coach operated it at a speed in excess of thirty-five miles per hour and such speed was greater than was reasonable and proper, having due regard to the traffic, surface and width of said street, and any other conditions then existing, or that such motor coach operator failed to keep a proper lookout for the automobile in which the plaintiff was riding, the defendant would be guilty of negligence in the premises.

Again, if the plaintiff has proved to you by a preponderence of the evidence that the automobile in which she was a passenger was placed in a perilous situation, which the motor coach operator saw in due season, or in the exercise of ordinary care could and should have seen, and that said motor coach operator in the exercise of ordinary care failed to abate the speed of said motor coach or failed to divert its course, the defendant would be guilty of negligence."

The jury returned a verdict for the plaintiff appellee and the court thereupon entered judgment against the defendant after overruling defendant's motions for a new trial and for judgment notwithstanding the verdict.

It is the contention of the defendant appellant that the court committed prejudicial error in:

1. Its charge to the jury,

2. In overruling its motion for a directed verdict at the close of plaintiff's case and at the close of all the evidence, and in overruling its motion for new trial and for judgment notwithstanding the verdict.

3. It is further contended that the verdict is excessive and was given under the influence of passion or prejudice, and

4. That the verdict is manifestly against the weight of the evidence.

The majority of this court believe that the evidence when considered in its most favorable light toward the plaintiff's contentions, is sufficient to require the case to be submitted to the jury and therefore the several motions for judgment were properly overruled, which opinion, however, is not concurred in by the writer. The court however, is unanimous in finding that the verdict is manifestly against the weight of the evidence and that therefore the trial court committed prejudicial error in overruling defendant's motion for a new trial.

There remains to consider the claim of the defendant that the court committed prejudicial error in that part of its charge to the jury that had to do with the alleged duty of the defendant not to drive its bus faster than would permit it to stop within the assured clear distance ahead; and also that part of the charge which instructed the jury that if the automobile in which plaintiff was a passenger was placed in a perilous situation which * * * in the exercise of ordinary care (the coach operator) could and should have seen, and the motor coach operator in the exercise of ordinary care failed to abate the speed of said motor coach or failed to divert its course, the defendant would be guilty of negligence.

Section 2449 of the Municipal Code of Cleveland is in all respects the same as §12603 GC.

It must be remembered that the accident under consideration occurred at the intersection of a main thoroughfare and an intersecting street; that the defendant's bus was travelling on the main thoroughfare and was, by law, accorded the right of way over traffic proceeding north on the intersecting street; that there is no evidence in the record that the bus was being driven at a greater speed than was reasonable and proper, under all of the circumstances then obtaining, or that it was otherwise being operated in violation of any rule of law whereby it would lose its preferential right to proceed through the intersection over vehicles coming into said intersection from East 147th Street.

Under these circumstances, the assured clear distance rule is not applicable and to read the whole statute to the jury without instructing them that they are to entirely disregard that portion of the statute which provides that one shall not operate a motor vehicle faster than will permit him to bring it to a stop within the assured clear distance ahead, constitutes prejudicial error.

The rule as thus stated is in accord with the holding of the supreme court in the case of **Blackford v Kaplan, 135 Oh St 268.** The trial court in that case charged the jury upon request before argument in the language of **§12603 GC.** as follows:

"No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highways, and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The defendant in that case, as in the instant case, had the right of way over traffic proceeding in the direction in which the vehicle in which the plaintiff was a passenger was being operated into the intersection. Visibility, however, was bad at the time because of fog. The court, in holding that it was error to give such charge without proper qualifications, said on page 272 of the opinion:

"The doctrine of assured clear distance has no application to drivers of automobiles approaching an intersection on dif-

ferent intersecting roads under ordinary circumstances. Surely it did not apply to the defendant with reference to the automobile driven by Hanna, for the defendant had the right of way so long as he proceeded in a lawful manner; but the doctrine did have application to each driver in operating his automobile through the fog. There was evidence that the foggy condition was such that a driver of an automobile could see but a short distance ahead. The statute, therefore, required each driver to operate his automobile at such a speed that he could stop within the assured clear distance ahead, considering the fog. There was error in giving the charge without proper explanation, and the general charge, though setting out the section in full, did not supply the required explanation."

In the case of **Smiley v The Arrow Spring Bed Co., 138 Oh St 81**, the court said in the second paragraph of the syllabus:

"2. To comply with the assured-clear-distance-ahead provision of §12603 GC, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable in the exercise of ordinary care, to avoid colliding therewith."

Under the rule as thus stated, one who is operating a vehicle in a lawful manner on a main thoroughfare, and having the legal right to assume that vehicles entering such thoroughfare from an intersecting street will respect his right of way, may proceed upon that assumption until he actually discovers that a vehicle is entering the main thoroughfare without regard to his preferential right. If at such time the distance between the vehicles is so short that he cannot avoid the collision in the exercise of ordinary care, such collision can not be said to have resulted because of a violation of the assured clear distance rule.

On pages 90 and 91 of the opinion in the Smiley case, supra, the court said:

"Under the following circumstances, the driver of the motor vehicle was legally excused from the application of the

assured clear distance ahead rule, and was held to the rule of due care under the circumstances:

Where a motorist having the right of way at a street intersection collided with a motor vehicle attempting to cross the intersection, at the same time, **Morris v Bloomgren, 127 Oh St 147, 158; 187 N. E. 2; Blackford v Kaplan, 135 Oh St 268; 20 N. E. (2d) 522;** * * * * * *."

The appellant also claims that the court committed prejudicial error in charging the jury that if the automobile "in which the plaintiff was a passenger was placed in a perilous situation which the motor coach operator saw in due season or in the exercise of ordinary care could and should have seen, and the coach operator in the exercise of ordinary care failed to abate the speed of said motor coach or failed to divert its course, the defendant would be guilty of negligence."

In considering this question it must be remembered as above set forth, that the motor bus was being operated on a main thoroughfare and had the right of way while operating in a lawful manner; the operator had the right to assume that vehicular traffic coming into such right of way thoroughfare would yield the right of way; and that the automobile in which plaintiff was a passenger entered the intersection from a side street. There is no evidence that the bus was being operated at an unlawful speed. Under these circumstances, until the bus driver discovered the automobile in which plaintiff was a passenger was in the intersection and moving into his path, failing to yield the right of way, he would not be bound to anticipate that such peril would arise.

This question was presented to the supreme court in the case of **Morris v Bloomgren, 127 Oh St 147** and the court held in the fifth paragraph of the syllabus as follows:

"The driver of a vehicle lawfully approaching from the right, has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way. If, however, the former, just as he is approaching or entering the intersection discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation."

We conclude, therefore, that the charge, in the respects claimed by the defendant, was prejudicial to its case and also

that the judgment is manifestly against the weight of the evidence and for these reasons the judgment is reversed and cause remanded.

MORGAN, PJ., LIEGHLEY, J., concur.